IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CIVIL ACTION No.:  9:16-cv-80978

SHIPPING AND TRANSIT, LLC,

      Plaintiff,

v.

LEATHEROLOGY, INC.

      Defendant.

**COMPLAINT FOR PATENT INFRINGEMENT**
**DEMAND FOR JURY TRIAL**

Plaintiff, SHIPPING AND TRANSIT, LLC, by and through its undersigned counsel, brings this complaint for Patent Infringement against Defendant, LEATHEROLOGY, INC. and in support, alleges as follows:

**NATURE OF THE LAWSUIT**

1. This is an action for patent infringement of United States Patents Numbers: 6,415,207, 6,904,359, 6,763,299, 7,400,970 arising under the patent laws of the United States, Title 35, United States Code §§ 1 et seq.

**JURISDICTION AND VENUE**

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over Defendant pursuant to, *inter alia*, Florida Long-Arm statute, § 48.193, (Fla. Stat.) in that Defendant:  (a) operates, conducts, engages in, and/or carries on a business or business venture(s) in Florida and/or has an office or

agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of the laws, services and/or other benefits of the State of Florida and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

## THE PLAINTIFF

4.      Plaintiff, Shipping and Transit, LLC, is a Florida Limited Liability Company with a principal place of business located in Boynton Beach, Palm Beach County, Florida

## THE DEFENDANT

5.      Defendant is, on information and belief, a Texas Corporation with a principal place of business in Carrollton, Texas.  Upon information and belief, Defendant transacts business in Florida and within this Judicial District through use of its electronic tracking, text, email and other messaging to customers within this State and Judicial District. Defendant has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims of U.S. Patents Nos. 6,415,207, 6,904,359, 6,763,299, and/or 7,400,970.

## THE PLAINTIFF'S PATENTS

6.      Plaintiff owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 6,415,207 (the "207 patent"), entitled "System and Method for Automatically providing vehicle status information", issued July 2, 2002.  A copy of the '207 patent is attached hereto as Exhibit 1.

7.      Plaintiff owns all right, title and interest in, and/or has standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled

"Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005.  A copy of the '359 patent is attached hereto as Exhibit 2.

8. The '359 patent referenced in Paragraph 7 above was the subject of an Inter Partes Reexamination at the United States Patent and Trademark Office.  A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 3.

9. Plaintiff owns all right, title and interest in, and/or has standing to sue for infringement of United States Patent Number 6,763,299 (the "299 patent"), entitled "Notification systems and methods with notification based upon prior stop locations", issued July 12, 2004. A copy of the '299 patent is attached hereto as Exhibit 4.

10. Plaintiff owns all right, title and interest in, and/or has standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008.  A copy of the '970 patent is attached hereto as Exhibit 5.

## DEFENDANT'S ACTIVITIES

11. Defendant's activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies include services that are protected within the '207, '359, '299 and/or '970 patents, as every claim limitation, or its equivalent, is found in these functions, applications, solutions, devices, programs, products, services, methods and/or systems.

12. Defendant has been notified of, and continues, it's infringement as follows:

**Where We Ship**

We ship to all 50 states within the U.S. and all provinces within Canada.

**USA Standard Shipping Times**

Standard shipments will be received in 5 - 10 business days from the date it is shipped, not to be confused with your order date. It typically takes two days to process your order and this doesn't include weekends or holidays. To get a more accurate delivery date, enter your zip code into the shipping estimator at checkout or click to see the UPS Transit Map. Shipping rates are pulled directly from UPS & USPS and are based on the weight of your shipment.

| Service | Processing | Transit | Delivery |
|---|---|---|---|
| US Postal Service | 3 days | 7 - 12 days | 10 - 15 business days |
| Ground - UPS | 2 days | 3 - 5 days | 5 - 7 business days |
| 3 Day Select - UPS | 1 day | 3 days | 3 - 5 business days |
| 2nd Day - UPS | 1 day | 2 days | 3 business days |
| Next Day - UPS | 1 day | 1 day | 2 business days |

http://www.leatherology.com/shipping/

**USA Order Tracking**

You can track the status of your order 24 hours after it has been shipped using our Track My Order feature. You will need your order number & ship-to zip code to access this information. Your order number begins with Web2 and can be found on your order confirmation. Please note that Leatherology will not be responsible for delivery delays due to unforeseen circumstances beyond our control, such as delays due to severe weather, natural disasters or strikes.

http://www.leatherology.com/shipping/

**Track My Order:**

**For United States and U.S. territories**

You can track the status of your order 24 hours after it has shipped, which is typically 3 business days from the order date.

**For Canada**

To track a Canadian order, please visit the Canada Post website and input the reference number that was provided in the shipping notification email. Tracking information will be available once your package clears customs. Please note that it may take up to 5-7 business days for updated information to show on the Canada Post website.

**Check Current Order Status**

To check the status of your order, please enter your order number and shipping ZIP code below, then click the "Track Order" button.

Order Number:

WEB2-

Shipping Zip Code:

[ TRACK ORDER ]

http://www.leatherology.com/order-tracking/

Message timing and activation of impending arrival messages to users can be set at the start of the route or day, or in some cases one or more days before the vehicle is to arrive. By sending impending arrival messages early, users can rearrange their schedules for meeting a delivery vehicle/driver when he arrives. This highlights that the activation may occur at the pick up location (start of the route) and could happen one or more days in advance.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT No. 6,415,207

13. Plaintiff realleges Paragraphs 1 – 6, 11 and 12, as fully and completely as if set forth verbatim herein.

14. Beginning on or after July 2, 2002, and within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 6,415,207 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

15. Without limiting the foregoing, Defendant has infringed at least claims 5 and 7 of U.S. Patent No. 6,415,207 by the following activities:

| | |
|---|---|
| "*U.S. Patent 6,415,207* – *Claim* 5. A system for monitoring and reporting status of vehicles, comprising:: | LEATHEROLOGY monitors shipments from pickup locations, travel and hub locations and also delivery locations. Shipment Notifications Emails, Order Confirmation Emails and Updated tracking information on the LEATHEROLOGY website monitor and report status's of vehicles picking up, transporting and delivering customer ordered products; |
| means for maintaining status information associated with a vehicle, said status information indicative of a current proximity of said identified vehicle; | LEATHEROLOGY maintains the status of orders and more importantly, when those orders are fulfilled, shipped, in transit and delivered. Customers want and LEATHEROLOGY provides updated vehicle delivery information; |
| means for communicating with a remote communication device, said means for | LEATHEROLOGY's customers setup accounts and enter email address and other contact information. |

| | |
|---|---|
| communicating including a means for receiving caller identification information automatically transmitted to said communicating means; | When the customer enters email and account information on the LEATHEROLOGY website, the website places information on the customer's computer for automatically identifying this customer, when this customer returns to the LEATHEROLOGY website.<br><br>This information that identifies the customer to the LEATHEROLOGY website is known as browser cookies or tracking cookies, cookies are small, often encrypted text files, located in browser directories. They are used by LEATHEROLOGY to help customer automatically log in or particularly log in and navigate their websites efficiently and perform certain functions.<br><br>Cookies may also be created when a user's browser loads the LEATHEROLOGY website. The website sends information to the browser which then creates a text file. Every time the user goes back to the LEATHEROLOGY website, the browser retrieves and sends this file to the website's server. Computer Cookies are created not just by the website the user is browsing but also by other websites that run ads, widgets, or other elements on the page being loaded. |
| means for utilizing said caller identification information to automatically search for and locate a set of said status information; and | The LEATHEROLOGY website utilizes the customer identification information to log users into their own account information. Auto-populated email fields are generated and entered into the account log in fields. After the user is automatically identified, they are (a.) automatically logged in or (b.) email addresses are automatically filled in and customers may search for and locate vehicle and shipment status information.<br><br>Links within email confirmations and notifications provide customers with their own account information. The same and other links provide product and shipment information. |
| means for automatically retrieving and transmitting said set of said status information. | LEATHEROLOGY's customers are automatically logged into their account and this automatic log in retrieves and transmits vehicle and shipment status information (i.e. users are not required to enter account in whole or in part, information). |
| 7. The system of claim 5, wherein said | The user/purchaser/package recipient enters an email |

6

| caller identification information is an e-mail address. | address. "At some point, a user identifier identifying the user is correlated with entry. For example, during a registration period, the user may provide his or her telephone number, which is stored in the database **72** and correlated with the entry in the database **72** associated with the vehicle **17**. However, it should be noted that other types of user identifiers may be used. For example, the user identifier may be the user's name, the user's home or business address, the user's e-mail address, or other types of values that identify the user." |
|---|---|

16. In architecture, the system of the present invention utilizes a database, a communication interface, and a system manager. The database stores status information associated with a vehicle [shipment was picked up by vehicle] or [shipment is in route] or [shipment was delivered], and the communication interface is designed to communicate with communication devices remotely located from the system. The system manager receives a message transmitted from the vehicle and updates the status information stored in the database based on the received message [when shipments are scanned into the vehicle, this information updates the shipment records/database]. When a remote communication device establishes communication with the communication interface, the communication interface receives caller identification information automatically transmitted to the communication interface. The system manager analyzes this caller identification information and automatically retrieves status information from the database based on the caller identification information. The system manager then transmits, via the communication interface, the retrieved status information to the remote communication device. (See, generally, Col. 1, line 66 through Col. 2, line 16 of the '207 Patent.)

17. Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

18. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

19. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT II
## INDIRECT INFRINGEMENT OF U.S. PATENT No. 6,415,207

20. Plaintiff realleges Paragraphs 13, 15 and 16 as fully and completely as if set forth herein verbatim.

21. Beginning on or after July 2, 2002 and within the six years preceding the filing of this Complaint, Defendant has indirectly infringed at least one claim of U.S. Patent No. 6,415,207, by requesting and encouraging and inducing customers to engage in the activities referred to in Count I in violation of 35 U.S.C. § 271(b).

22. Defendant's activities alleged in this Count have been without license permission or authorization from Plaint\tiff.

23. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

24. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT No. 6,904,359

25. Plaintiff realleges Paragraphs 1 – 5, 7, 8, 11 and 12, as fully and completely as if set forth verbatim herein.

26. Beginning on or after June 7, 2005, and within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 6,904,359 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

27. Without limiting the foregoing, Defendant has infringed at least claim 41 of U.S. Patent No. 6,904,359 by the following activities:

| "**U.S. Patent 6,904,359** – *Claim* 41. A notification system, comprising: | LEATHEROLOGY provides Shipment Notifications via Emails and Order Confirmation via Emails for informing their customers when orders are processed and when shipments have left their facility and are on their way to the customer's delivery address; these vehicles are picking up, transporting and delivering customer ordered products; |
|---|---|
| (a) means for permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location, comprising: | LEATHEROLOGY's customers are set-up account information and enter delivery address(es) and email contact information for permitting the Shipment Notification system to send messages associated with the delivery address/location; |
| (1) means for permitting the user to electronically communicate during a first communication link with the notification system from a user communications device that is remote from the notification system; and | LEATHEROLOGY's customers setup accounts and enter email address and other contact information on the website. When the customer (over the internet/remotely) enters email and account information on the LEATHEROLOGY website, the website stores the information during this 1st communication link / session; |
| (2) means for receiving during the first communication link an identification of the one or more events relating to the status of the vehicle, wherein the one or more events comprises at least one of the following: distance information specified by the user that is indicative of a distance between the vehicle and the location, location information specified by the user that is indicative of a location or region that the vehicle achieves during travel, time information specified by the user that is indicative of a time for travel of the vehicle | The LEATHEROLOGY website saves customer account information during the account setup (first communication link) and the LEATHEROLOGY system retrieves location (customer address information) information indicative of their delivery address and sometimes this information may also be used for determining a region that the delivery vehicle will achieve during travel (from the location a package was initially shipped to, to the delivery address); and |

| | |
|---|---|
| to the location, or a number of one or more stops that the vehicle accomplishes prior to arriving at the location; and | |
| (b) means for establishing a second communication link between the system and the user upon occurrence of the one or more events. | LEATHEROLOGY's customers are automatically notified of shipments in route to their delivery address (the event). This occurs when the shipment is picked up by a courier (vehicle) and during a second communication link. |

Furthermore, message timing and activation of impending arrival messages to users can be set at the start of the route or day, or in some cases the day/s before the vehicle is to arrive." (See, '359 Patent at Col. 34, line 66 through Col. 35, line 2)

28.     Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

29.     The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

30.     Plaintiff has engaged the undersigned attorneys and agreed to pay them da reasonable fee.

## COUNT IV
## INDIRECT INFRINGEMENT OF U.S. PATENT No. 6,904,359

31.     Plaintiff realleges Paragraphs 25 and 27, as fully and completely as if set forth herein verbatim.

32.     Beginning on or after June 7, 2005, and within the six years preceding the filing of this Complaint, Defendant has indirectly infringed at least one claim of U.S. Patent No. 6,904,359 by requesting and encouraging and inducing customers to engage in the activities referred to in Count III in violation of 35 U.S.C. § 271(b).

33. Defendant's activities alleged in this Count have been without license permission or authorization from Plaint\tiff.

34. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

35. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT V
## DIRECT INFRINGEMENT OF U.S. PATENT No. 6,763,299

36. Plaintiff realleges Paragraphs 1 – 5, 9, 11 and 12, as fully and completely as if set forth verbatim herein.

37. Beginning on or after July 13, 2004, and within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 6,763,299 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

38. Without limiting the foregoing, Defendant has infringed at least claim 79 of U.S. Patent No. 6,763,299 by the following activities:

| "*U.S. Patent 6,763,299– Claim* 79. A system, comprising: | LEATHEROLOGY provides Shipment Notifications via Emails and Order Confirmation via Emails for informing their customers when orders are processed and when shipments have left their facility and are on their way to the customer's delivery address; these vehicles are picking up, transporting and delivering customer ordered products; |
|---|---|
| means for maintaining delivery information identifying a plurality of stop locations; | LEATHEROLOGY's customers set-up accounts and enter a plurality of delivery address/s on their website. The LEATHEROLOGY database stores, maintains and uses delivery information when users order and products are shipped to customer in-put delivery addresses; |
| means for monitoring travel data associated with a vehicle in relation to the delivery | LEATHEROLOGY monitors shipments by vehicles picking up, in transit and delivering products to |

| | |
|---|---|
| information; | customer addresses (delivery information); |
| means for, when the vehicle approaches, is at, or leaves a stop location: determining a subsequent stop location in the delivery information; | LEATHEROLOGY determines when a package is scanned on a courier vehicle (is at the loading dock), the subsequent delivery address of each package to different customer accounts/addresses; |
| determining user defined preferences data associated with the stop location, the user defined preferences data including a distance between the vehicle and the subsequent stop that corresponds to when the party wishes to receive the communication; and | LEATHEROLOGY's customers enter contact information to be notified when their product ships – the shipment notification informs the user their shipment was picked up by a vehicle and is on its way to the address provided; The distance is the pick-up to delivery and based on the shipment options (overnight, 2nd day, ground, etc..) the user is informed on the arrival time / date. Notifications include the delivery date within the message. |
| sending a communication to a party associated with the subsequent stop location in accordance with the user defined preferences data to notify the party of impending arrival at the subsequent stop location. | The shipment notification is sent to the user informing them of the pickup (first stop location) and of the delivery address subsequent stop location. |

39.     The present invention generally relates to data communications and information systems and, more particularly, to advance notification systems and methods for notifying users in advance of the impending arrival of a vehicle or user, for example but not limited to, a bus, train, delivery van, plane, fishing vessel, or other vessel, or user walking or riding, to or at a particular stop.  (See, '299 Patent at Col. 1, lines 29-35)

40.     Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

41.     The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

42.     Plaintiff has engaged the undersigned attorneys and agreed to pay them da reasonable fee.

## COUNT VI
## INDIRECT INFRINGEMENT OF U.S. PATENT No. 6,763,299

43. Plaintiff realleges Paragraphs 36 and 38, as fully and completely as if set forth herein verbatim.

44. Beginning on or after July 13, 2004 and within the six years preceding the filing of this Complaint, Defendant has indirectly infringed at least one claim of U.S. Patent No. 6,763,299 by requesting and encouraging and inducing customers to engage in the activities referred to in Count V in violation of 35 U.S.C. § 271(b).

45. Defendant's activities alleged in this Count have been without license permission or authorization from Plaint\tiff.

46. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

47. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT VII
## DIRECT INFRINGEMENT OF U.S. PATENT No. 7,400,970

48. Plaintiff realleges Paragraphs 1 – 5 and 10-12 as fully and completely as if set forth verbatim herein.

49. Beginning on or after July 15, 2008 and within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 7,400,970 by the activities referred to in this Count in violation of 35 U.S.C. § 271(a).

50. Without limiting the foregoing, Defendant has infringed at least claim 1 of U.S. Patent No. 7,400,970 by the following activities:

| "**U.S. Patent 7,400,970** – *Claim* 1. A computer based notification system, | LEATHEROLOGY's Shipment Confirmation Email |
|---|---|

| comprising: | |
|---|---|
| means for enabling communication with a **user that is designated to receive delivery of a package**; | Online users at LEATHEROLOGY's website / computer system elects to purchase an item. A user at the computer system elects to purchase an item and enters an email address. The online store website explains by purchasing they will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website. The designated package recipient is the purchaser. |
| means for presenting one or more selectable options to the user, | A LEATHEROLOGY user is presented with different shipping options (i.e. overnight, next day, ground, international, etc.) |
| the selectable options including at least an activation option for instigating monitoring of travel data associated with a vehicle that is delivering the package to the user; | By selecting a method of shipping, a user at a computer system elects a shipping method that allows tracking.<br><br>A LEATHEROLOGY user may or may not be provided a shipment tracking update link within the shipment confirmation email. The shipment confirmation email is sent by LEATHEROLOGY and occurs when the item is on its way, shipped, already left inventory and not in the possession of LEATHEROLOGY and on its way to the delivery address. |
| **means for requesting** entry by the user of a **package identification number** or package delivery number, each pertaining to delivery of the package; means for identifying the vehicle based upon the entry; | LEATHEROLOGY's Shipment Confirmation email comprises the "order number and link", "account number and link", "Shipment tracking number and link". |
| means for requesting entry by the user of contact information indicating **one** or more *communication media to be used in connection with a notification communication to the user*, | LEATHEROLOGY's user/purchaser/package recipient enters an email address. This may be changed within user account settings. |
| means for monitoring the travel data; and **means for initiating the notification** communication pertaining to the package via the one or more communication media, based upon the travel data." | LEATHEROLOGY's Shipment Confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address). The activation is based on the package tracking – |

|  | scanned at or around the pickup point. |
|---|---|

U.S. Patent No. 6,748,318 which is incorporated by reference in the '970 patent indicates that tracking updates *can be utilized on single sensors such* ...**as a package is scanned** (Col. 12, lines 51-53) and that activation of impending arrival messages to users can be set… **before the vehicle arrives**.  (Col. 25, lines 44-45)

51. Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

52. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

53. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT VIII
## INDIRECT INFRINGEMENT OF U.S. PATENT No. 7,400,970

54. Plaintiff realleges Paragraphs 48 and 50, as fully and completely as if set forth herein verbatim.

55. Beginning on or after July 15, 2008 and within the six years preceding the filing of this Complaint, Defendant has indirectly infringed at least one claim of U.S. Patent No. 7,400,970 by requesting and encouraging and inducing customers to engage in the activities referred to in Count VII in violation of 35 U.S.C. § 271(b).

56. Defendant's activities alleged in this Count have been without license permission or authorization from Plaint\tiff.

57. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

58. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## PRAYER FOR RELIEF

**WHEREFORE:** PLAINTIFF demands judgment and relief against Defendant and respectfully requests that the Court:

A. Enter a finding of infringement against Defendant under each of the patents asserted in this Compliant;

B. Award in favor of Plaintiff and against Defendant such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. Award in favor of Plaintiff and against Defendant an enhancement of damages;

D. Find that this is an exceptional case;

E. Enter an injunction preliminarily and permanently enjoining infringement;

F. Award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

G. Award Plaintiff its costs; against Defendant and

H. Award in favor of Plaintiff and against Defendant such other and further relief as to the Court appears just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

DATED: June 13, 2016                         Respectfully submitted,

                                             */s/ Jerold I. Schneider*
                                             JEROLD I. SCHNEIDER
                                             Florida Bar Number: 26975

16

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

Jerold.schneider@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number:  98220
Joel.rothman@sriplaw.com
DIANA F. MEDEROS
Florida Bar Number:  99881
Diana.mederos@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff*
